# United States Court of Appeals
## For the First Circuit

No. 20-1999

DHANANJAY PATEL, SAFDAR HUSSAIN, VATSAL CHOKSHI, DHAVAL
PATEL, and NIRAL PATEL, on behalf of themselves and all others
similarly situated,

Plaintiffs, Appellants,

v.

7-ELEVEN, INC.,

Defendant, Third-Party Plaintiff, Appellee,

MARY CARRIGAN; ANDREW BROTHERS,

Defendants,

DP MILK STREET INC.; DP JERSEY INC.; DP TREMONT STREET INC.;
DPNEWT01,

Third-Party Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Thompson, Selya, and Hawkins,[*]
Circuit Judges.

Shannon Liss-Riordan, with whom Michelle Cassorla, Tara

---

[*] Of the Court of Appeals for the Ninth Circuit, sitting by
designation.

Boghosian, and Lichten & Liss-Riordan, P.C. were on brief, for the appellants, Dhananjay Patel, Safdar Hussain, Vatsal Chokshi, Dhaval Patel, and Niral Patel.

Norman M. Leon, with whom Matthew J. Iverson, Jennifer C. Brown, Jamie Kurtz, and DLA Piper LLP were on brief, for appellee 7-Eleven.

_____

August 9, 2021

_____

**PER CURIAM**. The plaintiffs are a putative class of franchisees who sued 7-Eleven for violations of Massachusetts wage laws. For reasons we explain below, the outcome of this appeal hinges on a question of Massachusetts law, upon which the Massachusetts courts have not spoken. Therefore, we certify a question to the Massachusetts Supreme Judicial Court ("SJC") pursuant to Massachusetts Supreme Judicial Court Rule 1:03. See Fortin v. Titcomb, 671 F.3d 63, 66 (1st Cir. 2012). Some context for this question and the question itself follow.

## BACKGROUND

We begin with a basic recitation of the facts from the summary judgment record, sharing only enough so that all may understand our decision to certify this question to the SJC. The plaintiffs own 7-Eleven franchises and accordingly operate 7-Eleven branded convenience stores in Massachusetts. Per the terms of their franchise agreements, the plaintiffs are obligated to operate their convenience stores around the clock, stock inventory sold by 7-Eleven's preferred vendors, utilize the 7-Eleven payroll system to pay store staff, and adhere to a host of other guidelines within the franchise agreement. The plaintiffs, as franchisees, are classified by the franchise agreement as independent contractors and do not receive a regular salary. Instead, each plaintiff may draw pay from their store's gross profits, after paying various fees required by the franchise agreement to 7-

- 3 -

Eleven for the privilege of doing business with it. Finding this arrangement to be suboptimal, the plaintiffs sued 7-Eleven, alleging it misclassified them as independent contractors, rather than employees, in violation of the Massachusetts Independent Contractor Law ("ICL"), Mass. Gen. Laws ch. 149, § 148B, the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, and the Massachusetts Minimum Wage Law, Mass. Gen. Laws ch. 151, §§ 1, 7.

The Massachusetts ICL presumes "an individual performing any service" to be an employee, and therefore protected by relevant wage and hour laws, unless that individual's alleged employer can demonstrate that:

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and (2) the service is performed outside the usual course of the business of the employer; and, (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws ch. 149, § 148B(a). At the federal level, the Federal Trade Commission has promulgated a collection of applicable regulations, known together as the "FTC Franchise Rule," 16 C.F.R. § 436.1, et seq., in order "to prevent deceptive and unfair practices in the sale of franchises and business opportunities and to correct consumers' misimpressions about franchise and business opportunity offerings." 72 Fed. Reg. 15444-

- 4 -

01 (Mar. 30, 2007). As relevant here, the FTC Franchise Rule defines a franchise, in part, as a commercial relationship where the parties agree that, among other things, "[t]he franchisor will exert or has authority to exert a significant degree of control over the franchisee's method of operation, or provide significant assistance in the franchisee's method of operation." 16 C.F.R. § 436.1(h).

Considering the text of each of the above-cited provisions, there appears to be a conflict between the Massachusetts ICL and the "exert[ing] . . . control" prong of the FTC Franchise Rule. It appears difficult, if not impossible, for a franchisor to satisfy the FTC Franchise Rule's requirement that the franchisor "exert or ha[ve] authority to exert a significant degree of control over the franchisee's method of operation" and simultaneously rebut the Massachusetts ICL's employee presumption by demonstrating that each franchisee is "free from control and direction in connection with the performance of the service." We are mindful, of course, that a franchisor may not exert any degree of control and instead may "provide significant assistance in the franchisee's method of operation."[1] See 16 C.F.R. § 436.1(h).

---

[1] 7-Eleven appears, at least for the purposes of the instant summary judgment motion, to operate under the "exert[ing] . . . control" business model.

Such a franchising model may or may not implicate any of the concerns at issue in this case.

7-Eleven argues (and the district court so held) that the conflict between the ICL and the FTC Franchise Rule make it impossible for 7-Eleven to satisfy federal law and demonstrate that, due to this conflict, the ICL does not apply and its franchisees are therefore properly classified as independent contractors. Therefore, 7-Eleven reasons, the ICL does not apply, as a matter of law, to its relationship with its franchisees. The plaintiffs naturally disagree and reason that 7-Eleven has the same burden as any other purported employer under the ICL and, the plaintiffs press, 7-Eleven has failed to meet that burden.

The SJC has yet to analyze the interactions between the ICL and the FTC Franchise Rule. The closest decision, as far as we can tell, is from a case where the SJC considered the overlap between a Massachusetts real estate statute and the ICL and held that the ICL did not apply, as a matter of law, to the workers in that case because the real estate statute made it impossible for purported employers to also satisfy one or more of the ICL's prongs. See Monell v. Boston Pads, LLC, 31 N.E.3d 60 (Mass. 2015). However informative this analysis may be, we do not read the decision in Monell, without further elaboration, to decide the issue presented in this case. While we are aware of other tools at our disposal for resolving this question, we consider the most

prudent approach to be to give the SJC the first opportunity to weigh in on this issue.

Plus, there are unique policy interests at stake, specific to Massachusetts, that also counsel toward certification. The resolution of a question involving the ICL impacts untold sectors of workers and business owners across the Commonwealth. Though we often resolve questions of state law that affect many, certification is more appropriate here because "[t]his is also not a case in which the 'policy arguments line up solely behind one solution.'" In re Engage, Inc., 544 F.3d 50, 57 (1st Cir. 2008), certified question answered sub nom. Ropes & Gray LLP v. Jalbert, 910 N.E.2d 330 (Mass. 2009) (quoting Boston Gas Co. v. Century Indem., 529 F.3d 8, 12 14 (1st Cir. 2008)).

### CERTIFICATION

In light of the forgoing, we certify the following question to the Massachusetts Supreme Judicial Court:

> (1) Whether the three-prong test for independent contractor status set forth in Mass. Gen. Laws ch. 149 § 148B applies to the relationship between a franchisor and its franchisee, where the franchisor must also comply with the FTC Franchise Rule.

We would welcome any further guidance from the Supreme Judicial Court on any other relevant aspect of Massachusetts law that it believes would aid in the proper resolution of the issues presented here.

- 7 -

The clerk of this court is directed to forward to the Massachusetts Supreme Judicial Court, under the official seal of this court, a copy of the certified question, this opinion, the district court's opinion, and the merits briefs and appendices filed by the parties. We retain jurisdiction over this case pending resolution of this certified question.